## SCOTT SMITH *v.* THE STATE.

ACCOMPLICE TESTIMONY. — In a trial for theft, the evidence for the State showed that the stolen watch was found at the boarding-house of one S. and in the pocket of a coat belonging to him. The State introduced S. as a witness, who testified that he did not know how the watch got into the pocket of his coat, but that he saw it in the defendant's possession shortly after the theft. And it was further proved that the defendant, prior to his arrest and after the theft, stated that S. had stolen a watch from him. The evidence, irrespective of the testimony of S., is ample to sustain the conviction. *Held,* that S. was not an accomplice witness, as nothing implicated him in the original taking; and therefore the court did not err in omitting to instruct the jury on the infirmity of uncorroborated testimony of an accomplice.

APPEAL from the District Court of Lee.   Tried below before the Hon. A. S. BROADDUS.

The opinion and head-note indicate the material facts.

*Rousseau & Thurmond*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J.   Although the stolen property may have been found in the coat-pocket of the witness Sherman, yet, from the array of facts tending to establish the guilt of the defendant, some of which proceeded from his own mouth, it can hardly be legitimately inferred that the witness was a guilty participant in the crime to an extent necessitating an instruction as to corroboration of his evidence.   According to the defendant's own statement, he himself had perpetrated the theft, and his only complaint was that afterwards the witness had stolen the watch and chain from him. If this was so, the witness might have been amenable to prosecution for the latter theft, but did not become a participant, in law, in the original taking.

The testimony of the witness was not material, in view of the whole evidence, and a conviction could not have been had thereon if his statements were true, and he needed no corroboration under the law.   The conviction rests upon other testimony of a conclusive nature, apart from the evidence of this witness.

There is no error in the record, and the judgment is affirmed.

*Affirmed.*